USCA1 Opinion

 

 [NOT FOR PUBLICATION--NOT TO BE CITED AS PRECEDENT] United States Court of Appeals For the First CircuitNo. 98-1411 JOSEPH F. DESMOND, Plaintiff, Appellant, v. MASSACHUSETTS BAY TRANSPORTATION AUTHORITY, ET AL., Defendants, Appellees. APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. Robert E. Keeton, U.S. District Judge] Before Selya, Circuit Judge, Campbell, Senior Circuit Judge, and Lynch, Circuit Judge.  John F. Desmond on brief pro se. Jonathan P. Feltner, First Assistant General Counsel-Trials,and Edward P. Harrington, Assistant General Counsel, MBTA LawDepartment, on brief for appellees Massachusetts Bay TransportationAuthority, Patrick J. Moynihan, General Manager, James Clark,Robert Powers, Bob Norton, Kevin Shorter and J. Floyd.OCTOBER 23, 1998 Per Curiam. The complaint was dismissed as a sanction for (1) plaintiff's failure to attend his deposition twice, despite proper notice and a court order warning of sanctions in the event of a second failure, and (2) plaintiff's failure to appear or attend a pretrial conference by telephone, despite the grant of his request to attend the conference by telephone.  Having carefully reviewed the judgment below in light of the entire record and the parties' arguments on appeal, we find no abuse of discretion in the dismissal. Since the complaint was properly dismissed for abuses constituting a failure to prosecute, plaintiff's challenges to the district court's interlocutory orders are not properly before us.  John's Insulation, Inc. v. L. Addison & Assocs., Inc., --- F.3d ---, 1998 WL 568602 *5-*8 (1st Cir. Sept. 11, 1998). In any event, there was no prejudicial error in the court's careful interlocutory rulings on each of plaintiff's largely incomprehensible motions. Plaintiff's appellate motions, (1) "To Quash All Warrants, Release Copies Thereof and Award Damages in the Amount of 5.5 Million Dollars Based on Judicial Fraud . . . ," and (2) "That All Documents Being Witheld, and or Edited Be Released In Full . . . ," seemingly attempt to insinuate new facts and issues which are beyond the scope of this appeal.  The judgment is affirmed and all motions are denied.